IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>PAUL ZIRIAX, in his individual capacity,<br><br>HEATHER MAHIEU CLINE, in her individual capacity,<br><br>TIM MAULDIN, in his individual capacity,<br><br>MIGNON LAMBLEY, in her individual capacity,<br><br>        Defendants. | Case No.: 24-cv-631-J |

**DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendants, Paul Ziriaz ("Ziriax"), Heather Mahieu Cline ("Cline"), Tim Mauldin ("Mauldin"), and Mignon Lambley ("Lambley"), in their individual capacities, (hereinafter collectively "Defendants") respectfully request the Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 8, as Plaintiff has failed to state a claim upon which relief can be granted, and Defendants are entitled to Qualified Immunity. In support of this motion, Defendants state the following:

**STATEMENT OF THE CASE**

Plaintiff alleges Defendants retaliated against her in violation of her First Amendment rights when they removed her as an alternate member of the Oklahoma County Election Board on or about May 18, 2023. [Doc. 6 at ¶¶ 13-14]. To support these allegations, Plaintiff claims she shared concerns that absentee ballots were being handled improperly during an

Oklahoma County Republican Party Meeting, on her public website in "a formal complaint to Paul Ziriax", and on a public podcast. *Id.* at ¶¶ 9-11. Plaintiff then claims Paul Ziriax gave her notice to attend a State Election Board Meeting on January 31, 2024 at which she was removed from her position as an alternate member of the Oklahoma County Election Board. *Id.* at ¶¶ 12-13. Plaintiff claims these actions were taken pursuant to her position and job duties; *id.* at ¶ 6, but then simultaneously tells the Court she took the actions as a private citizen.

At no point does Plaintiff make a single specific allegation against any of the named Defendants other than claiming Defendant Ziriax sent her notice to attend a meeting in January 2024. [Doc. 6 at ¶ 12]. Plaintiff solely gives legally conclusory allegations and does not allege which Defendant did what action to violate Plaintiff's rights. Such allegations are improper under the Federal pleading standards as discussed *infra* and Plaintiff's Amended Complaint must be dismissed.

Plaintiff originally filed this action on June 19, 2024. After Defendants filed their Motion to Dismiss on July 22, 2024, Plaintiff chose to file an Amended Complaint on August 6, 2024. The only changes to the Amended Complaint Plaintiff included a general statement that Plaintiff was acting pursuant to her job duties and job position, and that in certain situations, Plaintiff claims she was acting as a private citizen.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge her "claims across the line from conceivable to plausible[.]" *Twombly* at 570.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual

allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). When these standards are applied, it is clear the Amended Complaint must be dismissed.

## ARGUMENT AND AUTHORITIES

### PROPOSITION I:   PLAINTIFF HAS FAILED TO COMPLY WITH FED. R. CIV. P. 8.

Rule 8 requires, among other things, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation … be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(2), (d)(1). "This is not just a minimum standard for a plaintiff but also a protection for a defendant." *Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at *1 (W.D. Okla. Feb. 1, 2019). Dismissal for violating Rule 8 is appropriate when a complaint is so unintelligible that it does not give fair notice to a defendant of the plaintiff's claims. *See Baker*, 686 F. App'x at 622.

The U.S. Supreme Court has further interpreted Federal Rule of Civil Procedure 12(b) in conjunction with Federal Rule 8 as requiring "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This due process requirement requires a court to dismiss a complaint when it fails to plausibly plead facts that can hold a defendant liable. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees."); *see also*, OKLA. STAT. tit. 51 § 157(B) ("No action for any cause arising under this act . . . shall be maintained unless valid notice has been given…").

While a Complaint may not need highly detailed factual allegations, a plaintiffs' obligation to provide the grounds of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* This ensures that defendants know the actual grounds of the claim against them and can therefore prepare a defense. *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008) (using Fed. R. Civ. P. 8 analysis); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, this pleading standard "avoid[s] ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim'". *Id.*

A complaint is insufficient if it simply tenders "naked assertions[s]" devoid of "factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 678-79 (citing Fed. R. Civ. P. 8(a)(2)). The Court "need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Here, the Amended Complaint lacks factual allegations to put each individual Defendant on notice as to what they are being called into court to defend themselves against. As is, Plaintiff lumps all the Defendants together and claims their actions – which have not

been pled – somehow violated her rights. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Plaintiff solely makes conclusory allegations that Defendants wrongfully retaliated against her for her alleged speech. Plaintiff must give notice to the Court and to each individual Defendant as to what allegedly unlawful actions occurred, when and how such alleged actions occurred, and who participated in the alleged actions. Rather than complying with Rule 8, the Amended Complaint merely contains "labels and conclusions" and is a "mere formulaic recitation of the elements of a cause of action." *Twombly* at 1965, 1974. Such factually sparse allegations are clearly insufficient. As a result, Plaintiff has failed to comply with Fed. R. Civ. P. 8, and Plaintiff's Amended Complaint must be dismissed.

**PROPOSITION II:  DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

Qualified immunity protects public officials from individual liability in a § 1983 action unless the official violates a clearly established constitutional right. *Mick v. Brewer,* 76 F.3d 1127, 1134 (10th Cir. 1996). Once a public official asserts qualified immunity, the burden shifts to the Plaintiff to prove: (a) a constitutional right was violated and (b) that the alleged violation infringed upon a clearly established right. *Callahan v. Millard County,* 494 F.3d 891 (10th Cir. 1997).

### A. *Plaintiff Fails to State Claims of First Amendment Retaliation Against Defendants.*

To establish a claim for First Amendment retaliation, a plaintiff must identify constitutionally protected speech and show that defendant retaliated against her for exercising that speech right. *Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014). When analyzing plaintiff's First Amendment retaliation claim, the Court uses the tests established in *Pickering*

*v. Bd. of Ed.*, 391 U.S. 563, 88 S. Ct. 1731 (1968), and *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951 (2006) which is referred to as the "*Garcetti/Pickering* analysis". *See Dixon v. Kirkpatrick*, 553 F.3d 1294, 1301-02 (10th Cir. 2009).

The *Garcetti/Pickering* analysis has five elements: "(1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct." *Id.* at 1302. The first three elements are issues of law for the Court. *Id.* Plaintiffs must allege that their speech "involve[d] a matter of public concern and not merely a personal issue internal to the workplace." *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995) (citing *Connick v. Myers*, 461 U.S. 138, 146-47, 103 S. Ct. 1684 (1983)); *see also Morris v. City of Colo. Springs*, 666 F.3d 654, 661 (10th Cir. 2012).

Plaintiff – by her own allegations – is a public employee whose sole role is to handle, certify, and discuss elections related to Oklahoma County. Plaintiff additionally asserts that she was operating pursuant to her official role and duties during the events of the Amended Complaint; though, for some events she then claims she was acting as a private citizen. Regardless of Plaintiff's legally conclusory statements – the issue of whether a Plaintiff was acting as an employee is a matter of law for the Court to decide. *Dixon,* 553 F.3d at 1302.

If the employee speaks pursuant to her official duties, then there is no constitutional protection because the restriction on speech "simply reflects the exercise of employer control

over what the employer itself has commissioned or created." *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951 (2006) (illustrating the difference between speaking as a Citizen and speaking as an Employee). In *Garcetti,* the Court began by stating that "[w]hen a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Id.* at 418. "Government employers, like private employers, need a significant degree of control over their employees' words and actions; without it, there would be little chance for the efficient provision of public services." *Id.* "Public employees, moreover, often occupy trusted positions in society. When they speak out, they can express views that contravene governmental policies or impair the proper performance of governmental functions." *Id.* at 419.

Government employers need "sufficient discretion to manage their operations." *Id.* at 422. "Employers have heightened interests in controlling speech made by an employee in his or her professional capacity. Official communications have official consequences, creating a need for substantive consistency and clarity. Supervisors must ensure that their employees' official communications are accurate, demonstrate sound judgment, and promote the employer's mission." *Id.* at 423-24. If an Employer believes that an employee's actions and speech are "inflammatory or misguided, they [have] the authority to take proper corrective action." *Id.* at 423. Courts should be careful not to substitute governmental managerial discretion with "judicial supervision." *Id.* at 423. "To hold otherwise would be to demand permanent judicial intervention in the conduct of governmental operations to a degree inconsistent with sound principles of federalism and the separations of powers." *Id.* at 423.

All statements made related to public elections or any of Plaintiff's perceived improprieties in the Oklahoma Elections, would necessarily have been made in Plaintiff's capacity as a public employee as the alternate member of the Oklahoma County Election Board. As Plaintiff's speech was made pursuant to her official duties, she is not protected by *Garcetti/Pickering* and her Amended Complaint must be dismissed. *Boyce v. Andrews,* 510 F.3d 1333, 1342 (11th Cir 2007) (citing *Garcetti* 547 U.S. 410, 126 (2006)).

Plaintiff's Amended Complaint has failed to meet a critical element of the *Garcetti/Pickering* analysis and has failed to state a claim for First Amendment Retaliation by Defendants. As such, Plaintiff's Amended Complaint must be dismissed.

### B. *Plaintiff Fails to Show a Clearly Established Right.*

To overcome a defendant's claim of qualified immunity, a plaintiff must also show that they the alleged violation infringed upon a clearly established right. *Callahan v. Millard County,* 494 F.3d 891 (10th Cir. 1997). A right is clearly established if it has been determined by the Supreme Court or Circuit precedent such that the official would have been on notice that the right exists, and his actions or omissions are a violation of that clearly established constitutional right. *Id.* Concluding that a right has been clearly established is a fact specific inquiry. *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). Relying on generalizations or the broad history of a constitutional amendment or statute is insufficient for determining that a right is clearly established. *Ashcroft v. al-Kidd,* 131 S. Ct. 2074 (2011). Plaintiff must show the official would have been on notice that his actions were violating a constitutionally or statutorily protected right. *Finn v. New Mexico*, 249 F.3d 1241 (10th Cir. 2001).

Qualified immunity allows public officials to make reasonable decisions to carry out their duties without fear of liability or retributive lawsuits. *Pearson v. Callahan*, 555 U.S. 223 (2009). Through qualified immunity, an official will only be liable for knowingly violating a person's rights, thus allowing the official to perform his job without the threat of liability looming over every decision. *Id.* Qualified immunity balances two important interests: the need to hold public officials accountable for irresponsible exercises of power, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.*

As Plaintiff has failed to even allege what exactly Defendants have done to violate her rights, Defendants are clearly entitled to qualified immunity in this case. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Furthermore, as Plaintiff has failed to state a claim for First Amendment Retaliation as shown *supra,* Defendants are entitled to qualified immunity. Plaintiff has not and cannot show that every reasonable official in Defendants' positions would have known their actions would violate Plaintiff's rights. As such, Defendants are entitled to qualified immunity and the claims against them must be dismissed.

## CONCLUSION

As Plaintiff has failed to state a claim upon which relief can be granted and these Defendants are entitled to Qualified Immunity, Defendants respectfully requests this Court dismiss the Plaintiff's claims against them in their entirety.

Respectfully submitted,

/s/ Tracy E. Neel
**TRACY E. NEEL, OBA#33574**
**KEVIN L. McCLURE, OBA#12767**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:   405.521.3921
Facsimile:    405.521.4518
Email:  tracy.neel@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are registered participants.

/s/  Tracy E. Neel
Tracy E. Neel