## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. JENNIFER WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. : 24-cv-631-J |
| | ) | |
| 1. PAUL ZIRIAX, in his individual capacity, | ) ) | |
| | ) | |
| 2. HEATHER MAHIEU CLINE, in her individual capacity, | ) ) | |
| | ) | |
| 3. TIM MAULDIN, in his individual capacity, | ) ) | |
| | ) | |
| 4. MIGNON LAMBLEY, in her individual capacity, | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**COMES NOW** the Plaintiff and, in response to the Defendants' motion to dismiss (Dkt # 9), shows this Court as follows:

## I. - THE STANDARD FOR A MOTION TO DISMISS

Defendants argue the "Standard of Review" in their Motion, p. 2-4, Dkt # 9, and in their Prop. I, pg 4-6 (Rule 8 violations). These arguments are on the same point and they will be addressed jointly. Defendants materially overstate the Plaintiff's burden. A more accurate statement of the pleading requirements is are explained in ***Erickson v. Pardus,*** 551 U.S. 89, 93-94 (2007) (other internal citations omitted):

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007) (quoting ***Conley v. Gibson***, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to

dismiss, a judge must accept as true all of the factual allegations contained in the complaint. ***Bell Atlantic Corp., supra***, at 555-556. . .

In ***Matrixx Initiatives, Inc. v. Siracusano***, 563 U.S. 27, 28 (2011) the Supreme Court held that "allegations suffice [if they] 'raise a reasonable expectation that discovery will reveal evidence' satisfying the materiality requirement, ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 556 (2007), and . . . 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' ***Iqbal***, 556 U.S. 662, at 663."

Thus, it continues to be true, that "[t]he court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed." ***Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) (quoted in ***Archuleta v. Wagner***, 523 F.3d 1278, 1283 (10th Cir. 2008)):

> [The court's] task is not to assess whether the claim is probable but whether the 'factual allegations in [the] complaint [are] enough to raise a right to relief above the speculative level.' ***Kay v. Bemis***, 500 F.3d 1214, 1218 (10th Cir. 2007) (citation, brackets, and internal quotation marks omitted). In particular, it is not necessary 'that the inference of . . . intent supported by the pleaded facts be *the most plausible explanation* of the defendant's conduct. It is sufficient if the inference of . . . intent is plausible.' ***Doe v. Columbia Univ***., 831 F.3d 46, 57 (2d Cir. 2016) (alleging discriminatory intent); ***see Starr v. Baca***, 652 F.3d 1202, 1216 (9th Cir. 2011) ('If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint [alleging deliberate indifference] survives a motion to dismiss under Rule 12(b)(6).').

***Rupp v. Pearson***, 658 F. App'x 446, 449 (10th Cir. 2016) (emphasis by the Court).

In this regard,

> [T]he ***Twombly/Iqbal*** standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Burnett v. Mortgage Elec. Registration Sys*., 706 F.3d 1231, 1235-1236 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), internal quotations, ellipsis, citations, and alterations omitted by the Court).

Thus, on a motion to dismiss "the court's job is not to scrutinize each allegation in isolation but to assess all the allegations holistically. In making this assessment, courts should "avoid hypertechnicality in pleading requirements." *Creative Consumer Concepts, Inc. v. Kreisler,* 563 F.3d 1070, 1076 (10th Cir.2009).

Instead of following this mandate, Defendants take hypertechnicality to a new height, fail to read the complaint as a whole, and fail to draw reasonable inferences. *Burnett v. Mortgage Elec. Registration Sys*., 706 F.3d 1231, 1235-1236 (10th Cir. 2013)

Plaintiff alleged that:

12.    On or about January 25, 2024, Defendant Ziriax sent notice to the Plaintiff requiring that she attend a meeting of the State Election Board on January 31, 2024.

13.    On or about January 31, 2024, the Defendants removed the Plaintiff from her position because of her public complaints regarding the operations of the county election board.  Part of the stated reason for removal was the allegation she had disseminated false election information.

Surely any fair minded reader would understand that the Defendants met together on January 31, and on that date collectively moved to remove her from her position.  "Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett*, 706 F.3d, at 1235-1236.

Defendants essentially expect this Court to ignore reality such they would not know what actions they took at their meeting of January 31.

This Court should not reward gamesmanship which flies in the face of controlling case law.

## II. - DEFENDANTS' ERRORS REGARDING THE STATEMENT OF THE CASE

In their "Statement of the Case," Mt., 1-2, Dkt # 9, Defendants erroneously claim that "[a]t no point does Plaintiff make a single specific allegation any of the named Defendants other than claiming Defendant Ziriax sent her notice to attend a meeting January 2024." ***Id.***, at pg 2.   To the contrary, Plaintiff alleged "the Defendants removed the Plaintiff from her position because of her public complaints regarding the operations of the county election boards."  Complaint, p. 4, ¶13; Dkt # 6.   Plaintiff set out that she made private citizen comments to Legislators and via her website and personal podcast. ***Id.,*** p 3, ¶¶ 9, 10 11.

**WHEREFORE**, the arguments in the Statement of the Case are materially incorrect.

## III. - THE FIRST AMENDMENT/QUALIFIED IMMUNITY

In their Motion to Dismiss, Dkt # 9, Prop. II, p. 6-9, Defendants raise a 12(b)(6) failure to state a claim argument.  (Prop. II(A), p. 6-9).  In Prop. II(B) they claim qualified immunity.  Prop. II(B), p. 9-10.

Plaintiff will address each claim in sequence.

### A. - The Sufficiency Of The Pleadings

Defendants essentially seek to override the specific rule of ***Garcetti v. Ceballos***, 547 U.S. 410 (2006) which held that the mere status of government appointment is not sufficient to bar First Amendment protection.

Defendants do not challenge any ***Garcetti*** element other than the "official duties" element.  See Defs' Mt, p. 6-9; Dkt # 9.  Accordingly, Plaintiff need not address these other elements. ***Cf. O'Toole v. Northrop Grumman Corp.,*** 305 F.3d 1222, 1227 & n. 4 (10th Cir.2002) (party need only respond to those issues actually raised). ***Accord Greenlaw v.***

*United States*, 554 U. S. 237 (2008) (under party presentation rule, the court should not raise and decide issues other than those first raised by the parties).

As to the "official duties"  This issue should be decided in light of ***Garcetti***'s recognition of the cost exacted when government employees have their rights of speech restricted.  "'Were [public employees] not able to speak on [the operation of their employers], the community would be deprived of informed opinions on important public issues. The interest at stake is as much the public's interest in receiving informed opinion as it is the employee's own right to disseminate it.'  ***Id.***, 547 U.S., at 420 (quoting ***San Diego v. Roe***, 543 U.S. 77, 82 (2004) (per curiam) (alterations by the Court, other citations omitted).

***Lane v. Franks***, 573 U.S. 228 (2014) recited these same concerns:

> Speech by citizens on matters of public concern lies at the heart of the First Amendment, which 'was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people,' ***Roth v. United States***, 354 U. S. 476, 484 (1957). This remains true when speech concerns information  related to or learned through public employment. After all, public employees do not renounce their citizenship when they accept employment, and this Court has cautioned time and again that public employers may not condition employment on the relinquishment of constitutional rights...

***Id.,*** 573 U.S., at 235-36.

Again, in ***Janus v. AFSCME, Council 31***, 585 U.S. __, ___, 138 S. Ct. 2448 (2018), the Court stated:

> ... Whenever the Federal Government or a State prevents individuals from saying what they think on important matters or compels them to voice ideas with which they disagree, it undermines these ends.

More recently, in ***Kennedy v. Bremerton Sch***. Dist., 586 U.S. __, ___, 139 S. Ct. 634 (2019),  four Justices took time to caution that the Ninth Circuit was reading Garcetti "in a highly tendentious way" by attempting to restrain "any expression that the school does not like while [the school employees] are on duty * * * This Court certainly has never read

*Garcetti* to go that far." *Id*., at 636. *Janus, supra*, 585 U.S., ___, 138 S.Ct., at 2471 repeated that speech is unprotected only if "it is part of what the employee is *paid* to do." Emphasis supplied.

This is a fact-intensive question, not easily decided on a motion to dismiss. Defendants focus on only on facet of the test, i.e., that Ms. White is a government official who spoke about election security issues she witnessed in her position. That circumstance is explicitly not enough to show that the speech was made as an employee:

> Merely because an employee's speech was made *at* work and *about* work does not necessarily remove that employee's speech from the ambit of constitutional protection. *See Brammer-Hoelter*, 492 F.3d at 1204. Rather, it is whether the speech was made pursuant to the employee's job duties or, in other words, whether the speech was 'commissioned' by the employer. *Garcetti*, 547 U.S. at 421-22.

*Thomas v. City of Blanchard*, 548 F.3d 1317, 1323 (10th Cir. 2008).

> *Knopf v. Williams*, 884 F.3d 939, 945-46 (10th Cir. 2018) explains that:

> 'There are no bright line rules' in making this determination [about whether the speech is pursuant to official duties]. *Chavez-Rodriguez,* 596 F.3d at 713. Many facts may be relevant—the tasks in an employee's job description, the frequency with which an employee performs a task, the subject matter of the employee's speech, the recipient of the employee's speech, the legal obligation for the employee to speak—but no one fact is determinative. See *Brammer-Hoelter*, 492 F.3d at 1203 (job description is not dispositive); *Holub v. Gdowski*, 802 F.3d 1149, 1156 (10th Cir. 2015), *cert. denied*, 577 U.S. 1143 (2016) (frequency of performance is not dispositive); Lane, 134 S. Ct. at 2379 (speech made about work is not dispositive); *Rohrbough v. Univ. of Colorado Hosp. Auth*., 596 F.3d 741, 747 (10th Cir. 2010) (speech made outside chain of command is not dispositive).

Judging from the four-corners of the complaint (which is required), there is nothing in Plaintiff's complaint which would demonstrate that her speech via a personal webpage and a personal podcast are anything other than personal musings as a citizen. Nor is this a matter appropriate for a motion to dismiss. *Amann v. Office of the Utah AG*, No.

2:18-cv-00341-JNP-DAO, 2021 U.S. Dist. LEXIS 167355, at *46 n.17 (D. Utah Sep. 2,
2021:

> [W]hether the employee's speech was made pursuant to his official
> duties—requires a fact-intensive review 'of all the facts and circumstances
> surrounding the speech and the employment relationship.' ***Brammer-Hoelter***,
> 492 F.3d at 1204. This prong would require the court to consider the job
> description for each of the positions held by Mr. Amann during the relevant
> period alongside a fact-intensive examination of the setting and content of the
> speech—an analysis that requires materials that are not properly before the
> court on a motion to dismiss.

***See also Rohrbough v. Univ. of Colo. Hosp. Auth.***, No. 06-cv-00995-REB-MJW, 2006 U.S.

Dist. LEXIS 82087, at *8 (D. Colo. Nov. 8, 2006) ("[T]he determination whether speech is

protected involves a fact-intensive, 'practical' determination." Quoting ***Garcetti v. Ceballos***,

547 U.S. 410, 424 (2006)).  ***Accord Chavez-Rodriguez v. City of Santa Fe***, 616 F. Supp. 2d

1153, 1159 (D.N.M. 2009).

As pointed out above, the Supreme Court In ***Matrixx***, 563 U.S., at 28, the Supreme

Court held that "allegations suffice [if they] 'raise a reasonable expectation that discovery

will reveal evidence' satisfying the materiality requirement, ***Twombly***, 550 U.S., at 556

(2007), and . . . 'allo[w] the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged,' ***Iqbal***, 556 U.S. 662, at 663."

Because discovery is necessary to determine whether the speech was or was not part

of Ms. White's responsibility, the motion must be denied to allow this process.

**WHEREFORE**, there is no pleading defect that can justify dismissal.

## B. - Qualified Immunity

In the Motion to Dismiss, Prop. II(B), p. 9-10, Defendants make a cursory claim of

qualified immunity.  A motion to dismiss based on qualified immunity "subjects the

defendant to a more challenging standard of review that would apply at summary judgment."

***Thomas v. Kaven,*** 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted).

Defendants' only argument is that "Plaintiff has failed to allege what exactly Defendants have done to violate here rights."  Defs' Mt, p. 10.  This clearly incorrect as the Plaintiff alleged that:

> 13.    On or about January 31, 2024, the Defendants removed the Plaintiff from her position because of her public complaints regarding the operations of the county election board.  Part of the stated reason for removal was the allegation she had disseminated false election information.

Dkt # 6, p. 4, ¶ 13.

Of course, Plaintiff identified specifically the nature and manner of her public complaints in Paragraph No's 9-11.  Dkt # 6, p. 3.

Defendants do not dispute that complaints or reports about election irregularities are clearly protected by the First Amendment, nor could they.  ***See, inter alia, Coomer v. Lindell***, Civil Action No. 22-cv-01129-NYW-SKC, 2023 U.S. Dist. LEXIS 43709, at *14 (D. Colo. Mar. 15, 2023) ("Defendants' statements concerning Coomer's alleged involvement in election fraud [relate to matters of public concern] because those statements related to existing public concerns about security of voting machines and thus, their statements have 'the potential to impact many members of the public or the public as a whole.'" (quoting ***Spacecon Specialty Contractors, LLC v. Bensinger***, 713 F.3d 1028, 1037 (10th Cir. 2013)), ***Coomer v. Make Your Life Epic LLC***, No. 21-cv-03440-WJM-KLM, 2023 U.S. Dist. LEXIS 37991, 2023 WL 2390711, at *5 (D. Colo. Mar. 7, 2023) (concluding "that 'election security and administration' is a public issue").

As to retaliation, "[t]he law has been clearly established since 1968 that public employees may not be discharged for speaking on matters of public concern, absent a

showing that the government's interest in the efficiency of its operation outweighs the employee's interest in the speech." *Anderson v. McCotter*, 100 F.3d 723, 729 (10th Cir.1996).

Defendants have not made any claim that an aspect of the qualified immunity analysis is unclear, and therefore their motion is fatally flawed.

**WHEREFORE,** the qualified immunity issue must fail.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF SEPTEMBER, 2024.**

HAMMONS HURST & ASSOCIATES

s/ Mark Hammons
Mark Hammons, OBA No. 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: assistant@hammonslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing document was served on opposing counsel below listed by use of this Court's ECF system of filing and mailed on this 10th day of September, 2024:

Tracy E. Neel, OBA # 33574
Kevin L. McClure, OBA # 12767
Ass't Attorny General
Litigation Section
313 NE 21st St.
Oklahoma City, OK 73105
Ph:    (405) 521-3921
Fax:    (405) 521-4518
Email: tracy.neel@oag.ok.gov
        kevin.mcclure@oak.ok.gov

s/ Mark Hammons